UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN TEAL, on behalf of
himself and those similarly
situated,

        Plaintiff,

CASE NO.:

vs.

GLOBAL TECHNOLOGIES I,
LLC., AN ILLINOIS LIMITED
LIABILITY CORPORATION,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN TEAL, by and through the undersigned attorney, sues the Defendant, GLOBAL TECHNOLOGIES I, LLC., an Illinois Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and Florida law.

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant from July 2013 to January 2014.

3. Plaintiff and those similarly situated employees worked as non-exempt technicians for Defendant, in Polk County, Florida, among other locations, helping

1

build cell phone towers.

4. During his employment with Defendant, Plaintiff was paid by the hour.

5. Additionally, Plaintiff and Defendant had an agreement in which Defendant paid Plaintiff and those similarly situated employees per diem payments.

6. This action is brought under the FLSA and Florida law to recover from Defendant unpaid overtime compensation, unpaid minimum wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who suffered from the same violations.

7. Defendant, GLOBAL TECHNOLOGIES I, LLC., is an Illinois Limited Liability Corporation that operates and conducts business in, among others, Polk County, Florida and is therefore, within the jurisdiction of this Court.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. During all times material, GLOBAL TECHNOLOGIES I, LLC., earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were cell phones, cell tower equipment and tools, and other goods and materials which originated from

outside the state of Florida.

12. As a result, Defendant GLOBAL TECHNOLOGIES I, LLC., is an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s).

13. Additionally, due to Plaintiff's work on the instrumentalities of commerce, Plaintiff is individually covered under the FLSA.

## FLSA AND FLORIDA LAW VIOLATIONS

14. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff full overtime compensation for overtime hours he worked and minimum wage compensation for regular hours worked.

15. Defendant did not pay Plaintiff, or those similarly situated employees, at all for the last two weeks they were employed for Defendant, in violation of the FLSA.

16. Also, Defendant violated Florida law by failing to pay Plaintiff and those similarly situated employees the agreed upon per diem payment for the last two weeks they were employed with Defendant.

17. At all times relevant, Plaintiff and those similarly situated employees were hourly paid, non-exempt employees of Defendant.

18. Plaintiff was entitled to be paid the overtime premium rate of one and one-half his regular rate of pay, for hours he worked in excess of forty (40) in a week.

19. During the last two weeks of his employment with Defendant, Plaintiff worked more than forty (40) hours per work week without overtime compensation.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and

those similarly situated employees are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff and those similarly situated employees were entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

23. During their last two weeks of employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours each week, but were not paid full and complete overtime compensation for those overtime hours.

24. Defendant did not have a good faith reason for its failure to pay full overtime compensation.

25. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STEVEN TEAL, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES

28.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

29.     Plaintiff and those similarly situated employees were entitled to be paid the full minimum wage for each hour they worked for Defendant.

30.     During the last two weeks of their employment with Defendant, Plaintiff and those similarly situated employees were not paid any wages at all

31.     As a result, their regular rate of pay fell below the applicable minimum wage.

32.     Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant refused to pay the owed minimum wages or substantively respond to Plaintiff's allegations.

33.     As a result of Defendant's actions in this regard, Plaintiff and these similarly situated employees have not been paid the full minimum wage for each hour worked during one or more weeks of employment with Defendant.

34.     Defendant willfully failed to pay Plaintiff the proper minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

35.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STEVEN TEAL, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF UNPAID WAGES

36. Plaintiff reincorporates and readopts the allegations in paragraphs 1-20 above.

37. Defendant had an agreement with its workers in which Defendant agreed to pay per diem wages to Plaintiff and those similarly situated employees.

38. Notwithstanding the agreement's terms, Defendant failed to pay the per diem wages to Plaintiff and the similarly situated employees for the last two weeks in which they were employed, in violation of Florida law.

39. Plaintiff and those similarly situated employees have been damaged as a result of Defendant's failure to pay the agreed upon per diem wages in which they were entitled under the agreement.

40. Plaintiff demands a trial by jury.

41. WHEREFORE, Plaintiff, STEVEN TEAL, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid wages, interest, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 28th day of May, 2014.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
FBN 0015527
Corey Moore, Esq.
FBN 0093615
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979

Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff